## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | **No. 3:23cv1325** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **SAFE AUTO INSURANCE** | : | |
| **COMPANY and SAFE AUTO** | : | |
| **INSURANCE COMPANY a/k/a d/b/a** | : | |
| **SAFE AUTO INSURANCE a/ka** | : | |
| **d/b/a SAFE AUTO,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the defendants' motion to dismiss plaintiff's complaint involving whether plaintiff may maintain a breach of contract and bad faith claim under an automobile insurance policy.  The parties have briefed their positions, and the matter is ripe for decision.

## Background[1]

On September 1, 2021, Plaintiff William Cummings suffered severe personal injuries due to an automobile collision in Port Jervis, New York.  (Doc.

---

[1] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

1-1, Compl. ¶ 12).  At the time of the accident, plaintiff was a passenger in a motor vehicle owned or leased by Rachel Orazzi.  (Id. ¶¶ 13-15).  Orazzi had an automobile policy issued by Defendants Safe Auto Insurance Company and/or Safe Auto Insurance a/k/a d/b/a Safe Auto (collectively "Defendant").  (Id. ¶ 20).  Because he was a passenger in the vehicle, plaintiff was insured under the policy.  (Id. ¶ 22).  Plaintiff did not have his own automobile insurance and was not a named insured on any motor vehicle policy, thus the Safe Auto Policy was first in priority for first party benefits.  (Id. ¶ 23).  Accordingly, plaintiff made a claim for first party medical benefits under the policy.  (Id. ¶ 24).

The policy provided Pennsylvania's mandatory minimum personal injury protection ("PIP") coverage of $5,000.00 pursuant to 75 PA. CONS. STAT. ANN. § 1711(a).  (Id. ¶ 31).  Defendant paid plaintiff $5,000.00 of PIP benefits and closed out the medical benefits portion of plaintiff's PIP claim on or about December 27, 2021.  (Id. ¶¶ 28-29).

Per the complaint, in an effort to deny plaintiff the full amount of his contractually due insurance benefits, defendant through a collection service, has asserted a right of subrogation or reimbursement of the policy benefits from any tort recovery.  (Id. ¶ 37).  Thus, if plaintiff recovered in a tort action against the tortfeasor he would have to potentially pay back the money he received from the defendant.  Under the law, defendant is not entitled to such subrogation or

2

reimbursement according to the plaintiff.  (Id. ¶ 32 (citing 75 PA. CONS. STAT. ANN. § 1720)).  Defendants asserted this right of subrogation or reimbursement through a medical payments lien in the amount of $5,000.00 and notified plaintiff of this lien on March 28, 2022.  (Id. ¶ 38).

Plaintiff's counsel sent correspondence to defendants asking for documents substantiating the lawfulness and propriety of the purported lien.  (Id. ¶ 40).  Defendant did not respond to the correspondence.  (Id. ¶ 41).

In the meantime, according to plaintiff's brief in opposition to the instant motion to dismiss, plaintiff evidently received a monetary settlement from the tortfeasor.  Plaintiff's counsel, however, was forced to keep funds from the settlement in escrow for well over a year to cover the amount of the lien.  (Doc. 6, Pl.'s Oppo. Br. at 2).

Based upon these facts, plaintiff filed the instant complaint in the Court of Common Pleas for Lackawanna County, Pennsylvania.  (Doc. 1-1).  The complaint contains two causes of action, breach of contract and statutory bad faith under 42 PA. CONS. STAT. ANN. § 8371.   Defendant removed the case to this court on August 10, 2023.  (Doc. 1).  On August 17, 2023, defendant filed the instant motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of

3

the Federal Rules of Civil Procedure.  (Doc. 4).  The parties have briefed the

motion, bringing the case to its present posture.[2]

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. §

1332.  Plaintiff is a citizen of Pennsylvania.  (Doc. 1, Not. of Removal ¶ 5).

Defendant is a citizen of Ohio and North Carolina.  (Id. ¶ 8).  Additionally, the

amount in controversy exceeds $75,000.  (Id. ¶ 18).  Because complete diversity

of citizenship exists among the parties and the amount in controversy exceeds

$75,000, the court has jurisdiction over this case.  See 28 U.S.C. § 1332 ("district

courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A

defendant can generally move a state court civil action to federal court if the

federal court would have had original jurisdiction to address the matter pursuant

to the diversity jurisdiction statute).  As a federal court sitting in diversity, the

substantive law of Pennsylvania applies to the instant case.  Chamberlain v.

Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304

U.S. 64, 78 (1938)).

---

[2] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

4

**Legal Standard**

Defendant filed its motion to dismiss the complaint pursuant to Federal
Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the
complaint's allegations when considering a Rule 12(b)(6) motion.  All well-
pleaded allegations of the complaint must be viewed as true and in the light most
favorable to the non-movant to determine whether, "'under any reasonable
reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper
Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by
Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).

The plaintiff must describe "'enough facts to raise a reasonable expectation
that discovery will reveal evidence of' [each] necessary element" of the claims
alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d
Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).
Moreover, the plaintiff must allege facts that "justify moving the case beyond the
pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the
sufficiency of a complaint the court may also consider "matters of public record,
orders, exhibits attached to the complaint and items appearing in the record of
the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2
(3d Cir. 1994) (citations omitted).  The court does not have to accept legal
conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline

<u>Acad. of Wilmington, Del., Inc.</u>, 450 F.3d 130, 133 (3d Cir. 2006) (citing <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." <u>McTernan v. N.Y.C.</u>, 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

**Discussion**

Defendant's motion to dismiss seeks dismissal of the breach of contract claim on the basis that the complaint fails to state a claim because all the contractual benefits have been paid in full. Defendant seeks dismissal of the bad faith claim on the basis that Pennsylvania's bad faith statute applies only to the handling of insurance claims. The court will address each of these issues in turn.

## I. Breach of Contract

Count I of plaintiff's complaint asserts a cause of action for breach of contract.  (Doc. 1-1, ¶¶ 50-67).   The complaint alleges that defendant "consciously, intentionally, maliciously and recklessly breached its duty of good faith and fair dealing by wrongfully asserting an unlawful lien with respect to Plaintiff's recovery of PIP benefits."  (Id. ¶ 59).  Additionally, defendant "failed to lawfully or properly adjust, evaluate, handle and/or process Plaintiff's PIP Claim in breach of the foregoing contract (*to wit*: the Policy)."  (Id. ¶ 60).

Under Pennsylvania law, the elements of a breach of contract claim are "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."  Gorski v. Smith, 812 A.2d 682, 692 (Pa. Super. Ct. 2002).

Here, defendant argues that the plaintiff cannot establish a breach of contract because he has been paid the total amount of benefits due under the policy and thus cannot establish any damages.  Plaintiff admits that he has been paid the full amount of benefits, but argues that he has indeed suffered damages as a result of the breach of contract.

The complaint asserts that the failure to provide the funds due under the policy unencumbered by an unlawful lien violates the terms of the insurance contract. Thus, defendant materially breached the contract according to the

7

defendant.  Count one, however, also asserts that defendant violated the implied contractual duty of good faith and fair dealing.

In Pennsylvania, a duty of good faith and fair dealing is implicit in an insurance contract. <u>Condio v. Erie Ins. Exch.</u>, 899 A.2d 1136, 1144 (Pa. Super. Ct. 2006).   Count I deals, at least partially, with the breach of contract for violation of the contract's implied duty of good faith and fair dealing.  Under such a claim, the plaintiff may be entitled to recover more than the limits of the policy. The plaintiff is entitled to "the known and/or foreseeable compensatory damages of its insured that reasonably flow from the bad faith conduct of the insurer." <u>Wolfe v. Allstate Prop. and Cas. Ins.</u>, 790 F.3d 487, 497 (3d Cir. 2015) (quoting <u>Birth Ctr. v. St. Paul Cos.</u>, 787 A.2d 376, 379 (Pa. 2001)).

Here, plaintiff's complaint alleges the following damages:  emotional disturbance, potentially lifelong and foreseeable, needless expenses, unnecessary delay and hardship, deprivation of due and owning funds which had to remain in escrow, and the full amount and value of PIP benefits.  (Doc. 1-1, ¶¶ 65-66).  These damages go above and beyond the PIP limits which defendants eventually paid to the plaintiff.  Accordingly, this breach of contract claim will not be dismissed on the basis that plaintiff has already been paid the limits to which he was entitled.  <u>See, e.g.</u>, <u>Amitia v. Nationwide Mut. Ins. Co.</u>, No. 3:08cv335, 2009 WL 111578 at *3 (M.D. Pa. Jun. 7, 2013) (allowing insurance breach of

contract claim to proceed where the insurer had paid the benefits under the

policy but plaintiff sought damages different from the benefits such as

compensation for emotional distress).

## II. Statutory Bad Faith

Count II of plaintiff's complaint asserts a cause of action for statutory bad

faith.  (Doc. 1-1, Compl. ¶¶ 68-79). Defendant moves to dismiss this claim.

Pennsylvania's Bad Faith Statute authorizes recovery for an insurance

company's bad faith toward an insured. It provides for several remedies upon a

finding of bad faith.  Specifically, the law states:

> In an action arising under an insurance policy, if the court finds that the
> insurer has acted in bad faith toward the insured, the court may take
> all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim
> was made by the insured in an amount equal to the prime rate of
> interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 PA. CONS. STAT. § 8371

The Pennsylvania Supreme Court has held that "to prevail in a bad faith

insurance claim pursuant to Section 8371, a plaintiff must demonstrate, by clear

and convincing evidence,[3] (1) that the insurer did not have a reasonable basis for

---

[3] Clear and convincing evidence is the "highest standard of proof for civil claims[.]" <u>Berg v.
Nationwide Mut. Ins. Co.</u>, 189 A.3d 1030, 1037 (Pa. Super. Ct. 2018) (internal quotation marks
and citation omitted).  It "requires evidence clear, direct, weighty, and convincing as to enable

denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017).  Bad faith liability can be founded on an insurance company's "lack of a good faith investigation into facts, and a failure to communicate with the claimant." Condio, 899 A.2d at 1142 (citation and quotation mark omitted).

Defendant moves to dismiss plaintiff's § 8371 claim on the basis that this statute only applies to the "handling" of insurance claims.  Here, plaintiff alleges that the plaintiff complains of a lien which was imposed after the handling of the insurance claim was completed.  Therefore, per defendant, § 8371 is inapplicable.

In support of its position, the defendant cites to Toy v. Metro. Ins. Co., 928 A.2d 186 (Pa. 2007).  This case explained that the bad faith statute does not apply to a claim alleging that an insurer engaged in deceptive or unfair conduct in soliciting the insured to purchase an insurance policy. Id. at 199-200.  The Pennsylvania Supreme Court explained that the statutory language limits statutory bad faith actions to those "arising under an insurance policy", and not to actions taken to solicit someone to purchase a policy. Id.  Suing because the

---

the trier of fact to come to a clear conviction, without hesitance of the truth of the precise facts in issue." Id. (internal quotation marks and citation omitted).

insurance company placed an inappropriate lien on benefits paid under an insurance policy is not equivalent to suing over deceptive or unfair conduct in trying to convince the insured to purchase an insurance policy.  Thus, <u>Toy</u> is not on point.

While not supportive of defendant's position, <u>Toy</u> is instructive in that it explains that the first place to start in interpreting the bad faith statute is its language.  The language at issue provides that the statute applies to claims "arising under an insurance policy".  42 PA. CONS. STAT. § 8371.  Defendant argues that the statute applies only to allegations related to handling of an insurance claim.  It is clear, however, from the language used, that the scope of the statute is broader and it applies to claims "arising under an insurance policy."  The statutory language is not as narrow as the defendant suggests.

The Pennsylvania Superior Court has explained that the language "arising under an insurance policy" "provide[s] for the statute's application to any case that originates from a writing setting forth an agreement between the insured and insurer that the insurer would pay the insured upon the happening of certain circumstances." <u>Berg v. Nationwide Mut. Ins. Co</u>, 44 A.3d 1164, 1172 (Pa. Super. Ct. 2012); <u>see also</u> <u>Ridgeway ex rel. Est. of Ridgeway v. U.S. Life Credit Life Ins. Co.</u>, 793 A.2d 972, 976 (Pa. Super. Ct. 2002) (holding same).

An analysis of plaintiff's statutory bad faith claim based upon the caselaw, reveals that it does arise under an insurance policy.  The whole complaint involves the proceeds from the insurance policy.  While it appears uncontested that defendant paid the limits to plaintiff, it did not provide the proceeds free and clear of all encumbrances.  It is alleged that defendant placed an improper subrogation lien on the proceeds.  If defendant had not paid the benefits under the policy and then placed a lien on the benefits, the cause of actions alleged in the complaint would not have arisen.  Without the insurance policy, defendant could never have asserted the lien to recover the benefits it paid under the insurance policy.  Thus, the dispute arises from the insurance policy and it is appropriate to file an action for statutory bad faith under § 8371.

Defendant also argues that plaintiff is not entitled to damages as it has paid the proceeds of the policy.  The fact that defendant may have paid the proceeds of the policy, however, does not bar plaintiff's suit. The law provides that "the focus in section 8371 claims cannot be on whether the insurer *ultimately* fulfilled its policy obligations, since if that were the case then insurers could act in bad faith through the entire pendency of the claim process but avoid any liability under section 8371 by paying the claim at the end." Berg, 44 A.3d at 1178 (emphasis in original).   Rather, "the issue in connection with section 8371 claims is the manner in which insurers discharge their duties of good faith and fair

dealing during the pendency of an insurance claim, not whether the claim is eventually paid." Id. (emphasis in original).

Above, the court has discussed the compensatory damages that may be available to plaintiff on his breach of contract claim in Count I of the complaint. Section 8371 provides a remedy in addition to the compensatory damages available for a breach of the contractual duty of good faith and fair dealing in that it authorizes the award of additional damages when a court finds that an insurer has acted in bad faith. Birth Ctr., 787 A.2d at 387. A plaintiff, therefore, may "supplement the breach of contract damages that they can obtain through their bad faith contract action by also bringing a claim under § 8371 for the specific damages authorized in that statute." Id. at 391 (Nigro, J., concurring). Section 8371 "does not prohibit the award of compensatory damages; it merely provides a basis to award additional damages." Birth Ctr., 787 A.2d at 389. As noted above, these damages include: interest, punitive damages and attorney's fees. 42 PA. CONS. STAT. § 8371.

Accordingly, the law provides that plaintiff can recover damages under the breach of contract claim and under the bad faith claim. Defendant's argument to the contrary is unconvincing.

13

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss the plaintiff's complaint will be denied.  Plaintiff has properly asserted both a claim for breach of contract and for statutory bad faith.  An appropriate order follows.

**Date:** 8/23/24

JUDGE JULIA K. MUNLEY
United States District Court

14